IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT C. BOLES                                                                              PLAINTIFF

v.                                                                        CIVIL ACTION # 2:07cv38-KS-MTP

WAL-MART STORES, INC.                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [# 15] filed by Wal-Mart Stores, Inc. ("Wal-Mart").  Because the Plaintiff cannot show that others similarly situated were treated more favorably than him, he cannot establish a prima facie case for sex discrimination against his former employer.  He has therefore failed to raise any genuine issue of material fact, and the motion for summary judgment should be **granted**.

## I. FACTUAL BACKGROUND

This case arises out of a workplace fight that ended with two workers throwing orange juice bottles at one another.  While the female worker was reprimanded for her actions, her male co-worker was terminated.  Believing he received a harsher punishment because he is man, the fired worker filed this lawsuit against the store, alleging that he was discriminated against because of his sex.

Robert C. Boles worked as an overnight stocker at the Wal-Mart store in Hattiesburg.  He generally worked the 10:00 PM to 7:00 AM shift restocking the non-grocery section of the store.  Boles worked with several other overnight stockers, including Lawtoria White, a female

associate at the store.  The two became friends and occasionally shared meals together while on breaks. *See* Def.'s Ex. 6 (Nov. 13, 2007).

In the early morning hours of February 15, 2006, Boles and White got into a dispute while working the night shift in the store.  White took her break at about 4:45 AM, and used her time to make a purchase at the store.  While White was waiting to checkout, Boles approached her and placed his hand "on her back," about six to eight inches above her waistline. Def.'s Ex. 2 at 12 (Nov. 13, 2007).[1]  White immediately protested, telling Boles "don't put your hand on me." Def.'s Ex. 2 at 13 (Nov. 13, 2007).  She then tossed an orange juice bottle at Boles "in an underhanded fashion." Def's Ex. 9 ¶ 3 (Nov. 13, 2007).  Boles responded by picking up the bottle and "aggressively" throwing it back at White, "barely missing her head." *Id.* at ¶¶ 3, 7. The juice bottle skid across the floor, "bursting open" when it struck the service desk. *Id.* at ¶ 3.

Wal-Mart managers chose to discipline both White and Boles for the incident.  The store's co-manager Lloyd Kilsby investigated the incident by interviewing potential witnesses, asking White and Boles to make a written statement, and reviewing the store's security cameras. White received a "Coaching for Improvement," a formal written reprimand from the store. *See* Def.'s Ex. 11 (Nov. 13, 2007). She was terminated for reasons unrelated to this incident less than two months later.

Boles received a much harsher punishment.  He was discharged from the store based on his conduct during the confrontation.  According to Kilsby, Boles was terminated because he "provoked the incident with Ms. White and he displayed an elevated level of aggression that cannot be tolerated when he threw the bottle at Ms. White." *See* Def.'s Ex. 9 ¶ 8 (Nov. 13, 2007).

---

[1] White has maintained that Boles placed his hands on her buttocks. *See* Def.'s Ex. 7 (Nov. 13, 2007).

2

Boles filed suit against the store on February 23, 2007.  He claims that the store was "discriminating against him based upon his sex." Pl.'s Compl. ¶ 5 (Feb. 23, 2007).  He alleges that Wal-Mart discriminated against him because "disciplinary measures against female [sic] were considerably less onerous than against males, to include Plaintiff." *Id.* at ¶ 7.

Wal-Mart has now moved for summary judgment.  They claim that White and Boles were not similarly situated for purposes of a discrimination claim. Def.'s Br. at 8 (Nov. 13, 2007).  They further argue that the Plaintiff cannot rebut the legitimate and non-discriminatory business reasons for discharging the Plaintiff. *Id.* at 10.

## II. STANDARD OF REVIEW

Because the Defendant has moved for summary judgment on a Title VII claim, the Court must consider the proper standard of review for both.  The Court will lay out the proper standard for a motion for summary judgment and then examine exactly what facts are material in the proper standard for a Title VII claim.  The Court will then apply those standards to the instant facts.

### 1. Summary Judgment

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To support a motion for summary judgment, "the moving party ... [has] the burden of showing the absence of a genuine issue as to any material fact." *Burleson v. Tex. Dept.*

3

*of Criminal Justice,* 393 F.3d 577, 589 (5th Cir 2004).  Material facts are those that "could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) (internal citations omitted).  Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party" on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the court views all evidence "in the light most favorable to the non-moving party" and "draw[s] all reasonable inferences in its favor." *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).  If the movant satisfies its initial burden, then the burden shifts back to the nonmoving party to produce evidence indicating that a genuine issue of material fact exists for each essential element of its case. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246-47 (5th Cir. 2003).  The nonmovant is not entitled to merely rest on her pleadings, but must set forth "specific facts showing there is a genuine issue for trial." *DirecTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  If the nonmovant responds and still "no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).


## 2.  Title VII Sex Discrimination

Title VII forbids an employer from discharging an employee because of their sex. *See* 42 U.S.C. § 2000e-2(a) (2000).  Without direct evidence of discrimination, a plaintiff can use the *McDonnell Douglas-Burdine* framework to establish their prima facie case and raise a presumption of discrimination. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179-80 (5th

Cir. 1999).  To state a prima facie case for sex discrimination, the plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) that others similarly situated were treated more favorably than him. *Okoye v. University of Texas Houston Health Ctr.*, 245 F.3d 507, 513-14 (5th Cir. 2001) (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999)).

A plaintiff can only prove disparate treatment by demonstrating "that the misconduct for which she was discharged was nearly identical to that engaged in by a[n] employee [not within her protected class] whom [the company] retained." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) (citations omitted).  When the difference in conduct between the employees sufficiently "accounts for the difference in treatment received by the employer," there is no disparate treatment. *Id.* (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304-05 (5th Cir. 2000)).

If the plaintiff successfully sets forth the prima facie case of discrimination, then the defendant must articulate some legitimate, non-discriminatory explanation for their actions. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 425 (5th Cir. 2000).  If the defendant can produce this non-discriminatory reason, the presumption disappears. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000).  The plaintiff "bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against her because of her protected status." *Wallace*, 271 F.3d at 219.

### III. APPLICATION AND ANALYSIS

Applying the standards articulated above, Boles has failed to raise a genuine issue of material fact to survive summary judgment on his discrimination claims. The Plaintiff and the other employee disciplined were not similarly situated, hence the differing disciplinary actions each received do not equate to disparate treatment. Wal-Mart has further shown that their motivation for terminating the Plaintiff was not pre-textual, and the Plaintiff has failed to rebut the uncontested evidence that he was terminated solely because of his actions during the confrontation with White.

### 1. Boles and White are not similarly situated

Boles has failed to establish a prima facie case of discrimination because he has not shown that he was similarly situated to the female employee that was not discharged after the incident. The fact that he alone was discharged does not automatically equate to disparate treatment. Unlike the female employee retained, Boles both instigated the encounter by placing his hands on White and aggravated the encounter by the way he threw the juice at her. *See* Def.'s Ex. 2 (Nov. 13, 2007). Wal-Mart was permitted to review the incident and punish the employee that the evidence suggested was the aggressor more harshly than the perceived victim.[2]

The uncontroverted video and deposition evidence shows that Boles chose to place his hands on White while she was in the checkout line. *See* Def.'s Ex. 2 at 12 (Nov. 13, 2007). He

---

[2] *See McWilliams v. Ruskin Co.*, 2006 WL 2795619 at ** 9-10 (D. Kan. Sep. 27, 2006) (finding that different violations of the same rules do not always require uniform punishment as it would "prevent employers from being able to mete out appropriate discipline based on the circumstances.").

did this without any provocation or invitation and despite the fact that White had previously complained about Boles's unwanted touching. *See* Def.'s Ex. 7 (Nov. 13, 2007). White responded by verbally reprimanding Boles for his conduct, and tossing an orange juice bottle at him. *Id.* at 4. Boles then aggravated the incident by hurling the same bottle at White with enough force to rupture it upon impact. *See* Def.'s Ex. 2 at 18-21 (Nov. 13, 2007).

The uncontested video and deposition evidence submitted establish that Boles's actions were significantly different than those of White. The level of aggression displayed by Boles was significantly greater than that displayed by White, and was cited by Wal-Mart in their reasons for terminating him. Even though a rough description of the incident makes the actions of Boles and White sound similar, these similarities fall well short of the "nearly identical" conduct needed to establish disparate treatment for a Title VII case. Boles cannot show disparate treatment between himself and a similarly situated employee, and has hence failed to establish a prima facie case of discrimination against his former employer.

### 2.  Wal-Mart has proven a legitimate, nondiscriminatory reason for its actions

Even if Boles and White were similarly situated, and Boles had established a prima facie case of discrimination, Wal-Mart has proven a legitimate, nondiscriminatory business purpose for its actions. The uncontested evidence shows that Wal-Mart managers promptly investigated the confrontation and, based on the unique circumstances, chose to tailor the punishments to White and Boles individually. *See* Def.'s Ex. 9 (Nov. 13, 2007). Wal-Mart's choice to punish Boles more harshly based on the hostility he displayed in the encounter qualifies as a legitimate,

7

nondiscriminatory basis for its actions.

Boles has put no evidence into the summary judgment record that proves he was terminated for any reason other than those stated by the store.  The lone piece of evidence submitted by Boles shows that he received a positive evaluation in September of 2004. *See* Pl.'s Ex. 1 (Dec. 10, 2007).  Although this proves that Boles previously had a good work record, his termination was based exclusively on his actions in the confrontation with White. *See* Def.'s Ex. 9 (Nov. 13, 2007).  His prior evaluations are irrelevant to that incident.

Simply because Boles received the harsher of the two punishments administered does not automatically mean that he received this punishment because of his sex.  Even if Boles had established a prima facie case against Wal-Mart, he has failed to show that their employment decision was pre-textual in any way.  The uncontested evidence shows that Wal-Mart's decision was based on the record of the incident and not on either party's gender.[3]  As such, he has failed to raise a genuine issue of material fact for his claim of discrimination to survive summary judgment.

## IV. CONCLUSION

Robert Boles received a harsher punishment for his confrontation with Lawtoria White than she received for the same incident.  Although Boles claims it was because of his sex, the evidence in the record does not support this inference.  The activities of the two parties were

---

[3] The Fifth Circuit has "repeatedly and emphatically stated that anti-discrimination laws 'are not vehicles for judicial second-guessing of business decisions.'" *Mato v. Baldauf*, 267 F.3d 444, 452 (5th Cir. 2001) (citing *Deines v. Texas Dept. of Protective & Regulatory Serv.*, 164 F.3d 277, 281 (5th Cir. 1999)).

different enough that they cannot be considered similarly situated for Title VII purposes.  And

even if Boles had established a prima facie case of discrimination against Wal-Mart, he has failed

to show that their business judgment was in reality a pre-text for their discriminatory intent.  In

short, he has failed to raise a genuine issue of material fact sufficient for his claims to survive

summary judgment.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary

judgment [# 15] is **granted**.

SO ORDERED AND ADJUDGED on this, the 23rd day of January, 2008.

*s/Keith Starrett*
United States District Judge